ROSMAN & GERMAIN LLP
Daniel L. Germain (State Bar No. 143334)
16311 Ventura Boulevard
Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
*Liaison Counsel for Lead Plaintiff*

BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
Eric L. Zagar
Michael J. Hynes
Alison Clark
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
*Lead Counsel for Lead Plaintiff*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CERADYNE INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No **SACV 06-919 JVS (PJWx)**<br>Consolidated with<br>SACV 06-00919-JVS(PJWx)<br>SACV 06-00920-JVS(PJWx)<br>CV 06-07893-JVS(PJWx) |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to an Order dated January 9, 2009 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the Settlement in this Action on the terms provided for in the Stipulation of Compromise and Settlement dated December 12, 2008 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate notice having been provided to holders of Ceradyne common stock as of February 9, 2009, as required in the

Proposed Order and Final Judgment
Case No. SACV 06-919 JVS

- 1 -

Preliminary Approval Order, and following such notice, a hearing having been held before the Court on May 18, 2009 (the "Settlement Hearing") to determine the matters contemplated in this Order and Final Judgment; and

The Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing for the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED** this 11th day of June, 2009 that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties thereto.

3. This Court finds that the Settlement is fair, reasonable and adequate to Ceradyne and Ceradyne shareholders. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel. Accordingly, the Court hereby finally approves the Settlement in all respects, as set forth in the Stipulation. The Parties are hereby directed to consummate the Settlement in accordance with the terms of the Stipulation.

4. The Court further finds, solely for the purposes of Settlement, that Plaintiffs and Plaintiffs' Counsel fairly represent the interests of Ceradyne and Ceradyne shareholders in enforcing the rights of the Company.

5. Pursuant to Fed. R. Civ. P. 23.1, and for the purposes of Settlement only, the Court further finds that the Action was properly initiated as a stockholder derivative action for and on behalf of Ceradyne.

6. The Action and all claims asserted therein are dismissed with prejudice.

7. Upon the Effective Date, Plaintiffs and Plaintiffs' Counsel on their own behalf and derivatively on behalf of Ceradyne (as nominal defendant) and Ceradyne shareholders (in their capacity as shareholders only) shall fully, finally and forever release, relinquish and discharge all Released Claims against any of the Defendants and their Related Persons. Plaintiffs and Plaintiffs' Counsel shall also fully, finally and forever release, relinquish and discharge all claims against

1  Defendants' Counsel related to this Action.  Upon the Effective Date, each of the Individual
2  Defendants shall also fully, finally, and forever release, relinquish and discharge all claims related
3  to this Action against Plaintiffs, Plaintiffs' Counsel, and Ceradyne and their Related Persons.

4        8.     The Court hereby approves the award to Plaintiffs' Counsel of Fees and Expenses in
5  the amount of $1,125,000.00.  Ceradyne shall cause its insurer(s) to pay to Lead Federal Counsel the
6  Fees and Expenses award in accordance with the terms of the Stipulation.

7        9.     The Parties are to bear their own costs, except as otherwise provided in the
8  Stipulation.

9        10.     Plaintiffs, all Ceradyne shareholders, and Ceradyne are permanently and forever
10  barred and enjoined from filing, commencing, instituting, prosecuting or maintaining any Released
11  Claim against any of the Defendants and their Related Persons.  All such claims and actions are
12  hereby extinguished, satisfied and unenforceable.

13        11.     During the course of the litigation of the Action, all Parties and their counsel acted in
14  good faith and complied with federal law and rules of professional responsibility.

15        12.     The notice given to Ceradyne shareholders was the best notice practicable under the
16  circumstances.  Said notice provided the best notice practicable under the circumstances of these
17  proceedings and of the matters set forth herein, including the proposed Settlement and the Settlement
18  Hearing, and said notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil
19  Procedure and due process under the United States Constitution and any other applicable laws.

20        13.     Neither this Stipulation, the Settlement, any act performed or document executed
21  pursuant to or in furtherance of this Stipulation or the Settlement, nor the payment of any monetary
22  consideration or relief by any of the Parties, including the payment of attorneys' fees:  (a) is or may
23  be deemed to be or may be used as an admission of, or evidence of the validity or lack of validity of
24  any Released Claim, or any wrongdoing or liability of the Parties or any of their Related Persons; (b)
25  is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission
26  of any of the Parties or any of their Related Persons in any civil, criminal or administrative
27  proceeding in any court, administrative agency or other tribunal; or (c) is or may be alleged or

28

mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of this Stipulation. Notwithstanding the foregoing, the Parties may file this Stipulation or any judgment or order of the Court related hereto in any action that has been or may be brought against them in order to support a motion, defense or a counterclaim based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of the implementation, enforcement and administration of the Settlement.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, any fees and expenses paid to Lead Federal Counsel, together with interest thereon, shall be repaid as promptly as practicable by Lead Federal Counsel to Ceradyne's insurance carrier(s), and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: June 11, 2009

_____
Hon. James V. Selna
United States District Court Judge

Proposed Order and Final Judgment
Case No. SACV 06-919 JVS

- 4 -

DOCSOC/1318036v1/013511-0101